DABNEY CRAIG v. THE STATE.

No. 1384.   Decided October 16, 1912.

Rehearing denied December 18, 1912.

1.—Perjury—Practice on Appeal—Companion Case.

Where the issues raised on appeal were decided adversely to appellant in a companion case, they need not be again considered.

2.—Same—Jury and Jury Law—Remarks by the Court—Challenge.

Where defendant excepted to the remarks by the court, with reference to a reprimand which the court gave a defendant in another case, as having

influenced the jurors, and therefore, challenged them for cause, and the court overruling this challenge the defendant exhausted his peremptory challenges and there were left some of the jurors upon his jury to whom he had excepted on the above ground, but the bill of exceptions did not show that appellant was in any way injured by having to take said jurors, who were not disqualified, there was no error.

### 3.—Same—Sufficiency of the Evidence.

Where, upon trial of perjury, the evidence sustained the conviction and the court correctly submitted the issues in the case, there was no error.

Appeal from the District Court of Hunt. Tried below before the Hon. R. L. Porter.

Appeal from a conviction of perjury; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Stinson, Evans & Carpenter,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—Appellant was convicted of perjury and given the lowest penalty—two years in the penitentiary.

This is a companion case to that of Moore v. State, 144 S. W. Rep., 598. That case and this all grow out of the same transaction, at the same time, between the same parties. Practically the only difference between the two is that one is a charge against Moore and the other against appellant. Every question that is raised, or attempted to be raised in this case, was substantially raised, or attempted to be raised in said Moore case, supra, except one which will hereafter be noticed. Therefore, instead of taking up the several questions and again discussing or deciding them we refer to the said Moore case, supra.

The only question that is raised in this case which was not raised in the Moore case is this: By appellant's bill No. 1 it is shown that after both parties announced ready and they were engaged in questioning the jurors of the panel for the week, the appellant asked them this question: "Were you present in court on the day that the court was sentencing a young man, who had been convicted of breaking a house to steal whisky, this week, and heard the court make the following remarks: 'Young men very often engage in violations of law, and then go before the grand jury and swear falsely about it; when a man has no regard for his honor and oath he is mighty near a lost proposition, and that worries me to see young man after young man go before the grand jury and perjure himself,'" to which question the jurors, eighteen in number, whose names are given, answered that they were present and remembered hearing said remarks of the court. The district attorney then asked them: "Would said remarks of the court affect you in passing on this case,

or can you give the defendant a fair and impartial trial, as if you had never heard said remarks?" to which question each of the jurors answered that such remarks would not affect him, and that they would give the defendant a fair trial. The defendant objected to the qualification of each of these jurors on account of the above and moved the court to excuse them from the panel and not require him to exhaust his peremptory challenges. The court overruled this and the defendant then challenged peremptorily only three of these jurors, leaving him but seven peremptory challenges remaining, which he was compelled to and did exhaust on talesmen summoned and tendered him on said panel, and that there was thus left on said panel three of the said eighteen, naming them, who were empaneled and served as jurors on the trial of the case. The court qualified this bill by stating this:

"The remarks complained of in the bill are fragments of a talk I gave a young man two or three days before this case was called, in passing sentence upon him for breaking a house to steal whisky. The talk I made the young man had no reference whatever to this case or any other case on the docket and was made for the purpose of admonishing him, when he served out his time, to shun bad habits and company, such as gambling and whisky drinking and to try to make a useful and honorable citizen.

"Each of the jurors on the panel stated very positively that said remarks would have no effect or bearing whatever upon them in passing upon the guilt or innocence of this defendant, and that they could and would try the case as though they had not heard the remarks. I felt satisfied at the time that said jurors would not be influenced by said remarks, and I still believe that they were not—understanding the matter as I do, I can not see how counsel could seriously insist upon this bill."

This bill does not show or attempt to show that appellant was in any way injured by having to take as jurors the said three who heard said remarks of the court. Clearly they are not shown to in any way be disqualified to serve, but on the contrary, so far as this bill shows, they were each qualified to serve. The court did not err in refusing to sustain appellant's objections to said jurors.

The evidence in every way clearly and unquestionably showed the guilt of appellant, the charge of the court correctly and aptly submits every question necessary or proper to be submitted under the law and evidence. The judgment will be affirmed.

*Affirmed.*

[Rehearing denied December 18, 1912. Reporter.]